**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIONI M. POLANCO,** | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. 3:14-00311 |
| **WARDEN CRAIG LOWE, et al.** | : | (JUDGE MANNION) |
| Respondents | : | |

**MEMORANDUM**

Petitioner Dioni M. Polanco, a detainee of Immigration and Customs Enforcement ("ICE") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He requests that this Court order his release from custody pending adjudication of his removal proceedings. (Doc. 1). For the reasons set forth below, the petition is denied without prejudice.

**I.   Background**

Polanco, a native and citizen of the Dominican Republic, entered the United States on November 29, 2006 on a visitor visa, with authorization to stay until May 27, 2007. (Doc. 7, Ex. 1, 2). Polanco did not depart from the United States and on May 28, 2010, he was charged as removable for overstaying his visa. Id. at Ex. 2. Polanco's removal was delayed as he sought an adjustment of immigration status based on marriage to a United States citizen. Id. at Ex. 3.

On May 13, 2013, Polanco pleaded guilty to possession of a controlled substance (cocaine) and conspiracy to possess a controlled substance. Id. at Ex. 7. He was sentenced to two one-year terms of probation, and was

immediately released from custody of the State. Id. On May 17, 2013, Polanco was taken into ICE custody. Id. at Ex. 3, ¶ 15.

Polanco appeared before an immigration judge ("IJ") on June 17, 2013 and requested a continuance in order of obtain counsel. Id. at ¶ 17. On July 1, 2013, Polanco again appeared before the IJ and indicated that he had obtained counsel who could not be present that day. Id. Proceedings were therefore delayed until July 29, 2013, when Polanco again appeared without counsel. Id. at ¶ 19. Polanco reiterated that he had obtained counsel and the IJ again continued the hearing to allow counsel to appear. Id. On August 12, 2013, Polanco again appeared before the IJ without counsel. Id. at ¶ 20. Despite no entry of appearance by an attorney having been filed with the court, Polanco continued to insist that he had retained counsel. Id. Therefore, the IJ again continued the hearing. Id.

On August 8, 2013, ICE served additional charges of deportability on Polanco, charging him as removable under 8 U.S.C. §1227(a)(2)(B)(I). Id. at Ex. 10. On August 12, 2013, ICE filed a Notice of Readiness and Objection to Continuances with the IJ. Id. at Ex. 11. On August 22, 2013, attorney Greg Felixson filed an entry of appearance and emergency motion for a continuance, stating that he had been retain by Polanco that day. Id. at Ex. 3, ¶ 21. The IJ granted this request, and again delayed the proceedings. Id.

On September 9, 2013, ICE officials served Polanco's attorney with additional evidence in support of removability. Id. at ¶ 23. On September 30, 2013, more than four months after being detained, Polanco for the first time appeared with his attorney before the IJ. Id. at ¶ 24. Polanco stated that he had

2

a pending application for adjustment of status that had not been adjudicated. Id. ICE officials argued that the application was irrelevant because Polanco was ineligible for adjustment of status due to his criminal convictions. Id. On October 28, 2013, Polanco conceded removability based upon his criminal convictions. Id. at ¶ 25. However, he notified the IJ of his desire to apply for asylum, and therefore removal was stayed pending a hearing. Id.

On December 23, 2013, all evidence in the matter of Polanco's asylum hearing was filed. Id. at ¶ 26. On February 26, 2014, while his asylum application was pending, Polanco filed a petition for writ of habeas corpus with this Court. (Doc. 1). On April 9, 2014, the IJ held an asylum hearing and denied Polanco's application, ordering him removed to the Dominican Republic. (Doc. 10, Ex. 2). On May 8, 2014, Polanco appealed this decision to the Board of Immigration Appeals ("BIA"), and on October 24, 2014, the BIA remanded the case due to missing audio records from the asylum hearing. Id. at Ex. 1, 2.

On January 21, 2015, the IJ denied a request for a continuance to allow a witness to testify in person. Id. at Ex. 4. A hearing was scheduled for January 22, 2015, but the hearing was postponed when Polanco's attorney could not appear due to weather. Id. at Ex. 1, ¶ 7. The hearing was held on February 4, 2015, and on February 26, 2015, the IJ issued a decision denying Polanco's asylum application. Id. at Ex. 1, ¶ 7, Ex. 5.

## II.     Discussion

Polanco has filed this petition raising a single argument: his detention has lasted for an unreasonable duration, and therefore he should be granted a bond

3

hearing pursuant to Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011). (Doc. 1). Respondents contend that Polanco's detention has not become unreasonably lengthy as most of the delays were caused by Polanco himself. (Doc. 7).

Polanco has been detained by ICE based upon his state court conviction for possession of cocaine. Id. at Ex. 10. Polanco conceded removability from the United States based on this conviction. Id. at Ex. 3, ¶ 26. This conviction renders an individual removable from the United States pursuant to 8 U.S.C. §1227(a)(2)(B)(I). However, because Polanco is pursuing relief under the Convention Against Torture, his order of removal is not yet final. Consequently, Polanco is subject to mandatory detention without release on bond pursuant to 8 U.S.C. §1226(c)(1)(B).

Although Section 1226(c) requires detention without a bond hearing, the Third Circuit has concluded that Section 1226(c) "contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." Diop, 656 F.3d at 235. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233. Thus, the Third Circuit "laid out a two step-process: a reviewing court must first determine that a detention had been unreasonably long, and following such a determination, must determine whether the unreasonable detention is necessary to fulfill §1226's purposes[.]" Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269-70 (3d Cir. 2012).

4

Determining whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Diop, 656 F.3d at 233. Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Id. at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal." Id. In determining whether detention is unreasonably lengthy, courts should examine the duration of the detention, reasons for any delay, and which party bears responsibility for any delay. See, Leslie, 678 F.3d at 270-71.

The record reveals that, as of March 16, 2014, Polanco has been in ICE custody for approximately 668 days. This greatly exceeds the average five month detention period for an individual who pursues an appeal in his or her case. Leslie, 678 F.3d at 269. However, much of this delay either directly benefitted Polanco or was caused by Polanco. After Polanco was detained by ICE, the IJ granted four separate continuances to allow Polanco to appear at his hearing with representation.[1] (Doc. 7, Ex. 3). When Polanco's attorney entered his notice of appearance, he immediately requested an additional continuance so that he could prepare for the hearing. Id. Polanco appeared with his attorney

---

[1] Notably, despite Polanco's insistence that he had obtained counsel, his attorney did not enter an appearance with the immigration court until August 22, 2013; that day counsel filed an emergency motion for a continuance. (Doc. 7, Ex. 3). In his motion, Polanco's attorney represented to the Court that he had been retained that very day. Id.

5

for the first time on September 20, 2013. Id. This delay of 136 days, caused by Polanco's efforts to secure representation, should not be held against the government.

After the initial hearing, it took nearly one month for Polanco to admit the charges of removability, a delay that is likewise attributable to Polanco. Id. Thereafter, the IJ adjourned the proceedings for approximately two months to allow the parties to marshal evidence, a delay that is not attributable to either side. Id. After the asylum hearing was held on April 9, 2014, Polanco waited approximately one month to file an appeal with the BIA. Id. Furthermore, on remand from the BIA, an additional thirteen day delay was caused by inclement weather that caused Polanco's attorney to miss the hearing. (Doc. 10, Ex. 1).

Thus, of Polanco's 668 days of detainment, approximately 369 days of delay are not properly attributable to government delay or error. Therefore, the delay in removing Polanco that is attributable to the government rests at 299 days total. Importantly, the immigration court has acted with expedience in attempting to adjudicate this matter on remand from the BIA, and has denied a request for a continuance filed by Polanco. (Doc. 10, Ex.4). For the purposes of this analysis, Polanco's detention therefore has lasted for months rather than years. "[I]n general, pre-removal detentions spanning a period of months do not present substantial constitutional issues." Chavez-Alvarez v. Sabol, 1:12-cv-2130, 2014 WL 257357, at *6 (M.D. Pa. Jan. 22, 2014) (collecting cases).

While the delay in removal proceedings attributable to the government is now approaching ten months, the detention does not yet raise constitutional concerns. The IJ has generally acted with haste in attempting to adjudicate this

6

matter, while much of the delay in resolving this matter has occurred as a result of Polanco's own actions. The IJ has been zealous in protecting Polanco's rights, and has only once denied a request for a continuance. Furthermore, at this point in time an order of removal has been entered, and the IJ has denied Polanco's asylum application. (Doc. 10, Ex. 5). Thus, Polanco's removal should be effectuated relatively quickly. While Polanco's detention has not yet become unreasonably lengthy, if an entry of a final order of removal is not effectuated in the near future, his detention may become unreasonably lengthy. Therefore, Polanco's petition will be dismissed without prejudice as to his ability to file a Section 2241 petition in the future.

### III. Conclusion

A review of the record reveals that Polanco's detention has not yet become unreasonably lengthy, and therefore his due process rights have not been violated. Consequently, Polanco's petition for writ of habeas corpus will be dismissed without prejudice as to his ability to file a Section 2241 petition should his detention become unconstitutional in the future.

An appropriate Order will be entered.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: March 17, 2015

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-311-01.wpd